State, Barkley, pros., v. Elizabeth.

---

STATE, ROBERT D. BARKLEY, PROSECUTOR, v. JAMES A. HAND, IRA HAND, AND THE CITY OF ELIZABETH.

Separate assessments were made against adjoining properties, which were in fact separate and distinct. They were advertised and sold by color of sections eighty-two and eighty-three of the charter of Elizabeth, (*Pamph. L.*, 1863, *p.* 140,) as a single property, for both taxes. The advertisements were inserted six times, once each week, but the first insertions were not made six full weeks before the time of sale. *Held*—the sale of both properties together was illegal, as each property was liable only for its own tax. *Held further*—that the advertisement of the notices of the sale should have been inserted so that six full weeks intervened between their first insertion and the time of sale.

The writ brings up a certain tax levy and assessment for the year 1875, upon certain property in the city of Elizabeth, described in said assessment as house No. 317 East Jersey street and house No. 319 East Jersey street, and also all the

proceedings taken by the city for the sale of said property and the collection of said taxes, including the certificate of sale, the assignment thereof and the declaration of sale to James Hand.

Argued at June Term, 1869, before Justices SCUDDER, KNAPP and REED.

For the prosecutor, *W. J. Magie.*

For the defendants, *R. E. Chetwood.*

The opinion of the court was delivered by

REED, J. Upon the argument the only attack made was upon the proceedings of the city relative to the sale of this or these properties for the collection of the taxes of 1875. From the testimony taken in the cause, I think it conclusively appears, as also from the schedule of the assessor, that No. 317 and No. 319 were distinct properties. The houses upon each lot were separately occupied and completely divided by a partition wall. The two properties were sold together, for a single price and as a single property. This could not be done except by the express provision of a statute, and there is none in the charter under which this sale was made.

Where several parcels of land belonging to the same person are separately assessed, each parcel is liable for its own specific tax and no more. *Blackwell on Tax Titles* 285.

Again, the publication of the notices of sale was insufficient. They should have been published in a paper in the city of Elizabeth for the space of six weeks, at least once in each week, before the time appointed for the sale. *Pamph. L.*, 1863, *p.* 130, § 82.

The first insertions were not made six weeks previous to the said sale, although there were six insertions, one in each week. Six weeks should intervene between the first insertion and the day of sale.

The construction given by the Chancellor to the provisions

of the "Act relative to the sales of land under a public statute, or by virtue of any judicial proceeding," which directs the notice to be published at least four weeks successively, once each week next preceding the time of sale, was that the first publication must be made four whole weeks next preceding the day of sale. *Parsons* v. *Lanning*, 12 *C. E. Green* 70.

This is clearly the only rational interpretation, and applies to the section of the charter under which the present advertisements were made.

The sale and proceedings thereon will be vacated, with costs.